**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2079**

ALLFREIGHT WORLDWIDE CARGO, INC.,

            Plaintiff - Appellant,

      v.

ETHIOPIAN AIRLINES ENTERPRISE,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:07-cv-00180-LMB)

Submitted:  November 26, 2008       Decided:  January 9, 2009

Before WILLIAMS, Chief Judge, and SHEDD and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Murray, William C. Groh, III, POMPAN, MURRAY & WERFEL, P.L.C., Alexandria, Virginia, for Appellant.  Terrance G. Reed, Robert K. Moir, LANKFORD, COFFIELD & REED, P.L.L.C., Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allfreight Worldwide Cargo, Inc. ("Allfreight") appeals the district court's dismissal of its case against Ethiopian Airlines Enterprise ("EAE") for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

I.

Allfreight, a Virginia Corporation, brought suit against EAE asserting a claim for breach of contract. In its complaint Allfreight alleged that EAE breached a written agreement between the parties known as the "COMAT FREIGHT HANDLING AGREEMENT" ("COMAT Agreement") by failing to use Allfreight as the sole agent responsible for handling and shipping all parts, supplies and other company materials (known as COMAT materials) into and out of the United States by EAE. Demeki Meri, the Chief Executive Officer of Allfreight, signed the contract on behalf of Allfreight. Worku Eddo and Mesay Shiferaw signed on behalf of EAE.

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., "provides the sole source of subject matter jurisdiction in suits against a foreign state." Velasco v. Indonesia, 370 F.3d 392, 397 (4th Cir. 2004) (citing Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-39 (1989)). Specifically, 28 U.S.C. § 1604 states that "a foreign

2

state shall be immune from the jurisdiction of the courts of the United States and of the States" unless one of the exceptions set forth in the FSIA applies. Allfreight does not dispute that EAE is wholly owned by the Federal Democratic Republic of Ethiopia and therefore qualifies as an "agency or instrumentality of a foreign state" as that term is defined under 28 U.S.C. § 1603(B).

Allfreight contends on appeal, as it did below, that the "commercial activity" exception set forth in the FSIA waives EAE's immunity. This statutory exception provides that

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
>
> . . . .
>
> (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States . . . .

28 U.S.C. § 1605(a)(2)(2006).

EAE filed a motion to dismiss pursuant to Rule 12(b)(1) and an alternative cross-motion for summary judgment pursuant to

3

Rule 56.[1]  Essentially, EAE contended the district court lacked subject matter jurisdiction under the FSIA because Eddo and Shiferaw had no legally cognizable authority to bind EAE in a contract with Allfreight.  The district court properly considered evidence outside the pleadings and specifically found that evidence "very powerful that there was no actual authority" on the part of Eddo and Shiferaw.  See Velasco, 370 F.3d at 398 ("[W]hen a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.").

EAE produced substantial evidence in the form of its Management Policy and Procedures Manual ("Manual"), which provides that "[n]o contract, lease or other agreement . . . shall be negotiated or entered into on behalf of [EAE] unless . . . approved by the Office of the General Counsel in accordance with this Section."  J.A. 327.  In addition, EAE's acting General Counsel, Rahel Zerihun, submitted a sworn declaration

---

[1] EAE also based its motion to dismiss on Rule 12(b)(2), (4), (5), and (6).  However, the district court granted the motion based on a lack of subject matter jurisdiction under Rule 12(b)(1) and did not address the remaining bases for dismissal. Those alternative bases for dismissal are not issues raised on appeal and we do not consider them.

4

stating that EAE's Office of General Counsel "is responsible for review and approval of all contracts executed on behalf of" EAE, that "all" of EAE's officers and management personnel must adhere to the Manual and that the COMAT Agreement was never submitted to EAE's Office of General Counsel for approval. J.A. 343-44 (emphasis added).

Allfreight, on the other hand, produced a document on EAE letterhead titled, "Delegation of Authority," authorizing Eddo and Shiferaw to enter into a contract for the handling of company materials. The Delegation of Authority stated, in its entirety, as follows:

> As you know there is an urgent need to locate a Freight Forwarder in USA following a destination change to IAD.
>
> To this effect you are hereby delegated to negotiate, select and sign a contract, or Memo of Understanding, as the case may be, with a freight forwarder company (ies) to handle COMAT (company materials) to and from the united states [sic].

J.A. 77. The Delegation of Authority was signed by Sultan Hassen with a title of "DVM Materials Management". The document also contained an "approved by" designation signed by Tewolde Gebremariam, EAE's Executive Officer of Marketing and Sales, and

5

Abate Digafe, the Executive Officer of Maintenance and Engineering.[2] (J.A. 217).

Based upon this evidence the district court found that while Eddo and Shiferaw had been authorized to sign a contract for the handling of materials, no such contract could be binding upon EAE without first being submitted to the General Counsel's office for approval. Contrary to Allfreight's assertions, nothing in the Delegation of Authority permitted Eddo and Shiferaw to circumvent the procedures in the Manual regardless of the urgency of locating a COMAT handler. The district court concluded that Eddo and Shiferaw thus lacked actual authority to enter into the contract, granted EAE's motion and dismissed the case for lack of subject matter jurisdiction.[3] Allfreight timely appealed to this Court and we have jurisdiction under 28 U.S.C. § 1291.

---

[2] We find nothing in the record, and Allfreight references nothing, to establish that Hassen, Gebremariam and Digafe, had any authority to dispense with the authorization procedures required by the Manual. None of these persons could impart authority to Eddo and Shiferaw that they themselves lacked.

[3] In addition to its ruling on EAE's Rule 12(b)(1) motion to dismiss the district court determined that even if it had jurisdiction it "would have granted the motion for summary judgment" because the COMAT Agreement was not an exclusive contract. J.A. 384. Based on our affirmance of the district court's dismissal for lack of subject matter jurisdiction we need not address this issue.

In Velasco we joined the Ninth Circuit in holding "that the commercial activity exception may be invoked against a foreign state only when its officials have actual authority." 370 F.3d at 400 (emphasis added); see also Dale v. Colagiovanni, 443 F.3d 425, 429 (5th Cir. 2006) (holding "that an agent's acts conducted with the apparent authority of the state is insufficient to trigger the commercial exception to FSIA"). To avoid the result our decision in Velasco mandates, Allfreight contends that the district court erred for several reasons.

First, Allfreight asserts that because EAE's agents *believed* they had actual authority to enter into the contract, EAE should have been required to prove this belief was objectively unreasonable. Second, Allfreight argues that it cannot be charged with notice that Eddo and Shiferaw were acting without actual authority since the Manual requiring their submission of the contract to the Office of General Counsel was not publicly available. In short, Allfreight argues that apparent authority is sufficient to bind a foreign state where the sovereign's agents violate an internal operating policy (i.e. a policy not directly authorized by a statute or regulation) because internal procedures do not afford sufficient notice of the agents' limited authority. Lastly, Allfreight asserts that the district court should have considered that the apparent authority of Eddo and Shiferaw was sufficient to

7

trigger the commercial activity exception because the COMAT contract was signed in connection with EAE's commercial airline operations. In light of our holding in Velasco, each argument is unavailing.

We review the district court's findings of fact regarding a determination of jurisdiction for clear error, but the legal conclusions are reviewed *de novo*. Velasco*,* 370 F.3d at 398. In Velasco we plainly and succinctly held that the commercial activity exception to the FSIA may be invoked against a foreign state (and its agents) "only when its officials have actual authority" to bind the sovereign. 370 F.3d at 400; see also*,* Phaneuf v. Indonesia, 106 F.3d 302, 308 (9th Cir. 1997) (holding that the commercial activity exception only applies if agent acted with actual authority). Allfreight's second and third arguments rest on the erroneous proposition that apparent authority can, under these facts, be sufficient to abrogate EAE's immunity under the commercial activity exception. Both arguments contradict our decision in Velasco. Given the undisputed evidence that Eddo and Shiferaw did not obtain contract approval from the Office of General Counsel as mandated by EAE's controlling Manual, both arguments clearly fail.

Allfreight's sole remaining argument is that the district court improperly failed to consider whether Eddo and Shiferaw reasonably believed they had actual authority to enter into the

COMAT Agreement. However, whether Eddo and Shiferaw reasonably believed in their authority to enter into the COMAT Agreement is of no consequence.

In Velasco we acknowledged that recognition of a foreign entity's sovereign immunity is analogous to the sovereign immunity of the United States and the derivative immunity extended to its own contractors and common law agents. 370 F.3d at 399. We also acknowledged that "courts have imposed an affirmative obligation upon a person transacting business with an agent of the United States to determine whether the agent is vested with authority to bind the Government." Id.; see also Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947) ("[A]nyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority."); United States v. Willis, 164 F.2d 453, 455 (4th Cir. 1947) ("He who deals with an agent of the government must look to his authority, which will not be presumed but must be established. He cannot rely upon the scope of dealing or apparent authority as in the case of a private agent."). The evidence in the record establishes that Eddo and Shiferaw made a factual mistake as to their authority – that they were authorized to enter into a contract without first submitting it to EAE's General Counsel. Their mistake, even if reasonable,

9

cannot abrogate the sovereign's immunity by creating actual authority where none exists. See, e.g., Federal Crop Ins. Corp., 332 U.S. at 384 ("The scope of [the agent's] authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority."). Accordingly, Allfreight's final argument is without merit and thus establishes no exception to the statutory FSIA immunity.

For the foregoing reasons we find no error in the judgment of the district court and therefore affirm that judgment.

AFFIRMED

10